IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS ARTHUR IVERS

        Plaintiff,

                                     3:15-cv-02101-PK

v.

                                     FINDINGS AND

UNITED STATES DEPARTMENT OF            RECOMMENDATION
JUSTICE; FEDERAL BUREAU OF
ALCOHOL, TOBACCO, FIREARMS AND
EXPLOSIVES; FEDERAL BUREAU OF
INVESTIGATION,

        Defendants.

---

PAPAK, Magistrate Judge:

Plaintiff Douglas Arthur Ivers filed this *pro se* action *in forma pauperis* on November 09,

2015. Now before the court is Plaintiffs "Motion for Temporary/Permanent Injunction" (#7)

("Plaintiff's Motion for Injunctive Relief"). For the reasons provided below, Plaintiff's

Complaint (#1) should be dismissed. In light of the recommended dismissal, Plaintiff's Motion

for Injunctive Relief should be denied as moot.

## BACKGROUND

Plaintiff makes three primary allegations in his Complaint. First, Plaintiff alleges that

Defendants violated various federal criminal statutes. Compl. 4. Second, Plaintiff alleges that

Defendants violated his civil rights by failing to protect him from reprisals by third-party

criminal actors. *Id.* at 2.

Plaintiff's third allegation, which is most pertinent to Plaintiff's Motion for Injunctive

Relief, is that Defendants implanted a remote neurological monitoring device in Plaintiff's body

without his knowledge or consent. *See id.* at 3-4.[1]  Plaintiff alleges that Defendants have used the device to "record every moment of [his] life" in audio and video and to physically and psychologically torture Plaintiff, with the torture increasing after Plaintiff filed this suit. *Id.*; Mot. for Injunctive Relief 2.  According to Plaintiff, Defendants have also used the device to prevent plaintiff from hiring a lawyer to file the present action.  Compl. 4.  Defendants have allegedly distributed the information and techniques garnered from their remote monitoring and torture of plaintiff to federal law enforcement officials nationwide.  *Id.* at 2.

Through his Motion for Injunctive Relief, Plaintiff seeks an order requiring Defendants to cease use of the neurological device and an order requiring a "scan in the presiding judges courtroom/chambers of the plaintiff for the devices communication signal."  Mot. for Injunctive Relief 1.

### LEGAL STANDARD

28 U.S.C. § 1915(e)(2)(B) requires the court to dismiss a case filed *in forma pauperis* if the action is frivolous or fails to state a claim for relief.  The Supreme Court has interpreted this statute as giving judges the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Baseless claims subject to *sua sponte* dismissal include those "describing fantastic or delusional scenarios." *Id.* at 328.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

To state a claim for relief, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim

---

[1] Plaintiff appears to have omitted the third page of his form Complaint.

for relief is plausible on its face if it contains "sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir.2011), *cert. denied*,132 S.Ct. 2101 (2012).

## DISCUSSION[2]

Plaintiff's claims that Defendants violated various federal criminal statutes should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff alleges Defendants violated 18 U.S.C. sections 1512-1513, 242, and 3771.[3] None of those statutes create a private right of action. *See, e.g., Lopez v. Kora*, No. 3:12-CV-0510-M BK, 2012 WL 1242376, at \*2 (N.D. Tex. Mar. 12, 2012), *report and recommendation adopted*, No. 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. Mar. 31, 2009) (citations omitted), *aff'd*, 350 F. App'x 605 (3d Cir. 2009); *see also Taa v. JP Morgan Chase Bank N.A.*, No. 15-CV-01305-BLF, 2015 WL 1346805, at \*3 (N.D. Cal. Mar. 23, 2015). Even liberally construing Plaintiff's Complaint as asserting 42 U.S.C. § 1983 claims for Defendants' purported crimes, the Complaint must still be dismissed. Plaintiff names three federal agencies as defendants. However, federal agencies are not subject to liability under section 1983 because they are not "persons" within the meaning of the statute. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (citation omitted). Similarly, federal agencies are not subject to liability in a *Bivens* action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994).

---

[2] "In civil rights cases involving a plaintiff proceeding pro se, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Archer v. Potter, No*. CIV.05-25-BR, 2005 WL 3823041, at \*1 (D. Or. Dec. 2, 2005) (citations omitted).
[3] 18 U.S.C. 3771 is actually a Federal Rule of Criminal Procedure, not a substantive criminal statute.

Next, Plaintiff's claims that Defendants violated his civil rights by failing to protect him from criminal reprisals should also be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff brings those claims under 42 U.S.C. sections 1985 and 1986. However, those sections, like section 1983, are not applicable to federal agencies. *See Jachetta*, 653 F.3d at 908 (citation omitted); *Vincent v. Dep't of Health & Human Servs.*, 600 F. Supp. 110, 111 (D. Nev. 1984) (citation omitted), *aff'd sub nom.*, 794 F.2d 683 (9th Cir. 1986).

Finally, Plaintiff's claims based on Defendants' alleged installation and control of a neurological monitoring device in Plaintiff's body without his knowledge or consent should be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The factual allegations underlying those claims are irrational and wholly incredible. *See Denton*, 504 U.S. at 31. Weighing the factual allegations in Plaintiff's favor, *see id.* at 32, I must nevertheless conclude that Plaintiff's claims are based on "fantastic or delusional scenarios." *See Neitzke*, 490 U.S. at 328. Plaintiff concedes that Defendants informed him that they do not possess the technology Plaintiff believes is implanted in his body. Mot. for Injunctive Relief 2. Plaintiff further admits that Oregon Health and Sciences University refused to perform an MRI scan on him because he presented "no physical/neurological symptoms to warrant an MRI scan." *Id.* (internal quotation marks omitted).

More to the point, this court has previously held that claims of an "electronic monitoring device" being implanted in a plaintiff are "delusional scenarios and are subject to *sua sponte* dismissal." *Mann v. Camp, No.* CIV. 09-1153-TC, 2009 WL 3378556, at *1 (D. Or. Oct. 20, 2009) (citing *Neitzke*, 490 U.S. at 424); *see also Goya v. U.S. Navy*, 35 F.3d 570 (9th Cir. 1994) (dismissing similar claims as frivolous); *Taylor v. Bunnell*, 996 F.2d 1227 (9th Cir. 1993)

(same); *Garrett v. Muller*, No. 6:12-CV-581-CL, 2012 WL 1682595, at *1 (D. Or. Apr. 11, 2012) (same), *report and recommendation adopted*, No. 6:12-CV-581-CL, 2012 WL 1682585 (D. Or. May 11, 2012); *Archer v. Potter, No*. CIV.05-25-BR, 2005 WL 3823041, at *1 (D. Or. Dec. 2, 2005) (same).

Accordingly, Plaintiff's claims based on Defendants allegedly implanting and controlling a neurological monitoring device in Plaintiff's body should be dismissed. Because it is apparent that the deficiencies of those claims cannot be cured by amendment, the dismissal should be with prejudice. Moreover, because Plaintiff's Motion for Injunctive Relief pertains solely to his claims regarding the purported neurological device, that Motion should be denied as moot.

## CONCLUSION

For the reasons provided above, Plaintiff's Complaint (#1) should be dismissed. Any and all claims related to Defendants' alleged implantation and operation of a neurological device in Plaintiff's body should be dismissed with prejudice, and Plaintiff should be ordered to refrain from filing any other motions or pleadings related to those claims. Plaintiff's remaining claims should be dismissed without prejudice. Plaintiff should be granted leave to amend his Complaint within thirty (30) days of an order adopting this Findings and Recommendation to assert those claims against the proper defendants. Plaintiff's Motion for Injunctive Relief (#7) should be denied as moot. The Court certifies that an appeal from an Order adopting this Findings and Recommendation would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that

FINDINGS AND RECOMMENDATION—PAGE 5

date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. The Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals.

Dated this 5th day of January, 2016.

/s/ _____
Honorable Paul Papak
United States Magistrate Judge